DANIEL G. BOGDEN
United States Attorney
NANCY J. KOPPE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
333 Las Vegas Blvd South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:10-cr-00418-GMN-PAL |
| ) | |
| CRAIG WHITE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

UNITED STATES' MEMO IN SUPPORT OF GUILTY PLEA

The United States, by and through Daniel G. Bogden, United States Attorney, and Nancy J. Koppe and Nicholas D. Dickinson, Assistant United States Attorneys, submits this memo in support of the proposed guilty plea of defendant, Craig White. Defendant signed a plea agreement, and intends to plead guilty to the charge of Coercion and Enticement, in violation of 18 U.S.C. § 2422(b). As shown by the caselaw, defendant's actions in this case violate the statute and, thus, his plea is proper.

FACTS

On June 24, 2010, Henderson Detective Wayne Nichols initiated an undercover operation using Craigslist (a centralized network of online communities, featuring free online classified advertisements) which he knows has been used by adults to facilitate sexual contact with juveniles. For the purpose of this investigation, Detective Nichols proactively placed an ad in the casual

encounter section of Craigslist. The posting was titled, "Mommy Zoe has returned." The included message states, "Title says it all. Hit me up." The email address that Detective Nichols associated with the posted ad was from an undercover email address.

Immediately following the post, on June 24, 2010, Detective Nichols received a response from defendant Craig White, using the email address Joey8343@aol.com. The message conveyed that defendant was interested and looking to obtain additional information. Detective Nichols, in his undercover capacity, responded that because he did not recognize defendant's email address (from previous clients), he did not feel this "service" was in line with defendant's expectations. During the subsequent volley of communication, Detective Nichols relayed, "this is not in your league. How should I put this, the posting is not for me. I'm a mommy of a 14 year old girl. Again, I think you were mistaken." All communication from Detective Nichols was under the guise of being the mother of the juvenile female.

Defendant replied that he was interested and asked how much money it would be for the encounter. From that point on, Detective Nichols made it very clear that the sexual exploitation of his 14-year old daughter was being discussed and negotiated. At no time in the communication did defendant express reluctance in having sexual contact with a 14 year old; in fact, White appeared eager and wished to be provided with additional details. Defendant also requested a photo of the juvenile. Using a forensically regressed image of a female officer, Detective Nichols sent a photo of what appears to be a 14 year old juvenile to White. With tentative plans to meet in person to discuss terms, Detective Nichols last received an email from the Joey8343@aol.com email address on June 28, 2010.

On July 17, 2010, Detective Nichols received an email from defendant, who was now using the email address of DONNIEBEAMS2010@aol.com. The email stated, "Hi I was wondering if your daughter still would like to make her mommy happy." The aforementioned email did not match up to previously saved communications; however, based on the context of the initial email and subsequent correspondence - it was clear that Detective Nichols had previously communicated with this subject reference this proactive operation. A subsequent Administrative Subpoena to AOL

confirmed that both aforementioned screen names were from defendant's account, and that both had previously used the same IP address.

In these new communications, defendant appeared eager to pick up negotiations where they had last left off. He again requested a photo of the juvenile, and Detective Nichols provided him with another regressed photo. Defendant then requested that a meeting be arranged between the daughter and him at his apartment. He stated that he would be willing to pay $2000 for sexual contact with her. When asked what he was specifically interested in doing with the 14 year old, defendant replied that he wished to have foreplay, oral sex and intercourse with her. Defendant also agreed to wear a condom during intercourse.

Defendant tried to set up meetings with the juvenile for sex at his apartment several different times at the end of July and beginning of August 2010. Detective Nichols kept putting off the meeting, claiming that he was concerned about the minor's safety. Defendant repeatedly requested meetings with the juvenile and assured Detective Nichols of her safety.

On August 5, 2010, law enforcement officers executed a valid search warrant on defendant's residence in Las Vegas, Nevada. Located in defendant's residence, among other things, were three computers. On one of them, a detective located one of the regressed images of the "daughter" that Detective Nichols had sent via email.

On August 5, 2010, after waiving his *Miranda* rights, defendant gave a statement to Detective Nichols. Defendant confirmed his address as the one, in Las Vegas, where the computers were found during the execution of the search warrant. Defendant eventually admitted to having more than one aol email address. He also admitted to speaking with the mother of a juvenile for the purpose of engaging in sexual acts with the juvenile. He claimed that he changed his email address midway through the communications to make sure that the mother was not a police officer. Defendant was over 30 years of age throughout these conversations and, thus, engaging in sexual acts with a 14-year old would violate Nevada law.

. . . .

POINTS AND AUTHORITIES

Defendant was properly charged with, and is properly offering to plead to, 18 U.S.C. § 2422(b). He used the Internet to attempt to persuade, induce, entice and coerce a 14-year old girl to engage in sexual acts. He clearly expressed his intent to engage in sexual acts with this girl, and the conduct in which he attempted to engage clearly violates Nevada law.

Defendant completed his crime when he took substantial steps toward having sexual activity with the minor girl. He developed a relationship with someone who said she was the mother of the child. Through numerous Internet-based chats and email communications, he made his intent to engage in illegal sexual acts with the minor clear, and he made specific arrangements to have the mother bring the child to his residence for the purpose of engaging in illegal sexual acts with her. He also negotiated a price to pay the mother for the use of her daughter in these acts.

An individual violates 18 U.S.C. § 2422(b) even if he communicates only with an undercover agent posing as the parent, custodian or person in control of a fictitious minor. The statute does not require direct communication between the minor and the defendant, and it would be unwise to read an element into the offense that is not present and was not intended. The purpose of the statute is to deter and punish people who use a facility of interstate commerce, such as the Internet, to persuade, induce, entice, or coerce a minor to engage in illegal sexual activity - or those who attempt to do so. As the Ninth Circuit has noted, the focus in a prosecution for an attempt offense under 18 U.S.C. § 2422(b) is on whether the defendant intended to violate the statute, and whether he took a substantial step toward completing the violation. *United States v. Meek*, 366 F.3d 705, 720 (9th Cir. 2004).

*United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004), is factually identical in all relevant respects to the instant case, is the key case concerning Section 2422(b)'s application where the undercover agent poses as a parent. Murrell argued that he could not have violated Section 2422(b), because he had communicated only with a "a purported adult father [about] hav[ing] sex with the father's minor daughter." *Id*. at 1284. The Eleventh Circuit disagreed and specifically held that "direct communication with a minor or supposed minor is unnecessary under the text of §2422(b), and

that Murrell's conduct satisfied the elements of attempt." *Id*. at 1288.  The court held that one may attempt to induce a minor through an intermediary who appears to the defendant to exercise some degree of control over that minor.  The court noted that an individual could be convicted under Section 2422(b) where he believed he was communicating with a minor, but was actually communicating with an undercover law enforcement agent.  *See id*. at 1286 (citing *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002)); *see also United States v. Kaye*, 451 F. Supp. 2d 775, 781 & n.5 (E.D. Va. 2006) (collecting cases).  It was not much of a leap, in the court's view, to impose liability where the undercover agent instead posed as the parent of the fictitious minor capable of delivering the minor for an illicit purpose.

The court stated that Section 2422(b) requires proof that Murrell used the Internet with the "specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex." *Murrell*, 368 F.3d at 1286.  The court reasoned that, "by negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him." *Id*., at 1287.  The court then simply presumed that the "father" would "exercise[] influence over the girl" and was communicating with Murrell as "an agent or representative" of the girl. *Id*. at 1287.  Because Murrell presumptively believed this, the court concluded that he communicated with the purported father in an attempt to induce the minor to engage in unlawful sexual conduct.  *See United States v. Hornaday*, 392 F.3d 1306 (11th Cir. 2004).

Numerous courts have upheld the finding, as stated in *Murrell*, that a defendant is guilty of 18 U.S.C. § 2422(b) when attempting to persuade, induce, entice or coerce a fictitious minor by communicating with a person posing as the parent of the fictitious minor.[1]  *See United States v. Houston*, No. 05-80029, 2006 WL 1004848 (11th Cir. Apr. 18, 2006) (undercover agent posing as mother of 14-year-old girl); *United States v. Searcy*, 418 F.3d 1193 (11th Cir. 2005) (undercover agent

---

[1] The United States was unable to find even one case finding that a defendant talking to a person he believed was a parent of a minor child, for the purpose of engaging in illegal sexual activities with a minor, did not violate this statute.

5

posing as father of 13-year-old girl); *United States v. Bolen*, 136 Fed.Appx. 325 (11th Cir. 2005); *United States v. Douglas*, 2009 WL 959956 (D.Vt. April 3, 2009) (undercover agent posing as mother of 13-year old child); *United States v. Saucedo*, 2007 WL 3124658 (E.D.Mich. October 25, 2007) (undercover agent posing as mother of two minor children); *United States v. Carter*, No. 04-CR-05306, 2006 WL 997867 (E.D. Calif. Apr. 17, 2006) (undercover agent posing as mother of an 8-year-old girl and as the custodian of a 10-year-old niece).

Therefore, since defendant's method of attempting to persuade, induce, entice or coerce the minor girl in this case to engage in illegal sexual acts with him was through negotiations with her mother, defendant has violated 18 U.S.C. § 2422(b). The United States thus asks this Court to accept his guilty plea to this charge.

DATED this 8th day of November, 2010.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/
NANCY J. KOPPE
NICHOLAS D. DICKINSON
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>CRAIG WHITE,  )<br>  )<br>    Defendant.  )<br>_____)  | 2:10-cr-00418-GMN-PAL |

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on November 8, 2010, she served a copy of the attached **MEMO IN SUPPORT OF PLEA**, by electronic service through CM/ECF.

    Addressee:    William C. Carrico, Esq.


                                                                       _____/s/ Nancy J. Koppe_____<br>
                                                                        NANCY J. KOPPE