# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: 2:10-cr-00418-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CRAIG JOSEPH WHITE, ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 32). The Government filed a Response (ECF No. 35) and Defendant filed a Reply (ECF No. 36).[1] For the reasons discussed below, the Court denies the Motion.

## I.     BACKGROUND

Defendant Craig Joseph White pled guilty pursuant to a written Plea Agreement (ECF No. 22) to one count of Coercion and Enticement, a violation of 18 U.S.C. § 2422(b), and this Court sentenced him to 120 months imprisonment, followed by lifetime of supervised release. (*See* J., Feb. 23, 2011, ECF No. 28). On January 29, 2015 (almost four years later) Defendant filed the present Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

## II.    LEGAL STANDARD

A federal inmate may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence

---

[1] The Court will consider Defendant's Reply. Therefore, Defendant's Motion to Amend/Correct (ECF No. 37) and Motion to Extend Time (ECF No. 38) are **DENIED as moot**.

was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

> Motions pursuant to § 2255 must be filed within one year from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

## III. DISCUSSION

In the instant motion, Defendant asserts that his attorney was constitutionally ineffective by "failing to challenge the legal and factual insufficiencies within the indictment," by "advising [Defendant] to plea guilty to a factually and legally flawed indictment," and by "ignoring § 3553(a)(6) factors to address unwarranted sentencing disparities between two competing federal statutes." (Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 10–20, ECF No. 33).  Moreover, Defendant asserts that the statue of conviction is ambiguous because it does not define "sexual activity." (*Id.* at 15–19). All of Defendant's arguments fail as a matter of law.

Although Defendant's Motion is not timely under Section 2255(f)(1), Defendant contends that his Motion is timely because it raises an actual innocence claim. (*See* Reply at 3–4, ECF No. 36).  However, even if Defendant's Motion is timely, it fails on its merits.  First, Defendant's ineffective assistance claims based upon challenges to the indictment fail as a matter of law.  Defendant contends that "[w]hile the statute used the terms 'persuade, induce,

entice, or coerce', each separate and distinctive words with different meanings, [Defendant]'s indictment uses all of them and joins them in the conjunctive." (Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 9).  However, "[w]here a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those acts conjunctively charged may establish guilt." *United States v. Bonanno*, 852 F.2d 434, 441 (9th Cir. 1988).

Additionally, Defendant contends that the indictment is silent as to means of interstate or foreign commerce allegedly used to violate 28 U.S.C. § 2422(b) and as to the specific sexual activity he sought to have. (Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 9–10).  However, "[i]n cases where the indictment 'tracks the words of the statute charging the offense,' the indictment will be held sufficient 'so long as the words unambiguously set forth all elements necessary to constitute the offense.'" *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989)).  Here, the indictment was sufficient because it tracked the words of the statute charging the offense which unambiguously set forth all elements necessary to constitute the offense. (*See* Indictment, ECF No. 1).

Second, Defendant's contention that his attorney was constitutionally ineffective for failing to object on Eighth Amendment grounds to the statutory minimum 10-year sentence fails as a matter of law.  Defendant contends that his "defense counsel ignored § 3553(a) factors by incorrectly believing that, due to the 10-year mandatory minimum carried by § 2422(b), there was no valid argument that could be raised to mitigate the sentence as cruel and unusual under the Eighth Amendment." (Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 19).  However, the Ninth Circuit has rejected claims that the ten-year statutory minimum sentence imposed for violating § 18 U.S.C. § 2422(b) violates the Eighth Amendment. *See United States* v. *Shill*, 740 F.3d 1347, 1356-1357 (9th Cir. 2014);

*United States* v. *Erickson*, 546 Fed. Appx. 627, 629 (9th Cir. Oct. 25, 2013).

Third, Defendant's contention that the statue of conviction is ambiguous because it does not define "sexual activity" also fails as a matter of law.  However, in Defendant's Plea Agreement, he waived all collateral challenges to his conviction, except non-waivable claims of ineffective assistance of counsel. (Plea Agreement at 5:10–13, ECF No. 22).  Therefore, the Court cannot consider this waived claim.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend/Correct (ECF No. 37), Motion to Extend Time (ECF No. 38), Motion to Stay (ECF No. 39), and Motion to Lift Temporary Stay (ECF No. 40) are **DENIED as moot**.

**DATED** this 12th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge